UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ISAAC COLLAZO,

                        Plaintiff,

    -against-

CITY OF NEW YORK, CARLOS PEREZ, PAUL JURGENS,
DANIEL SPAETH, WILLIAM HUNZIKER, JEFFREY
ADASZEWSKI, and DANIEL HALLORAN, sued individually
and in their official capacities,

                        Defendants,

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

09 CV 10514 (DAB)

Jury Trial Demanded

[RECEIVED MAY 28 2010 U.S.D.C. S.D.N.Y. CASHIERS stamp]

    Plaintiff ISAAC COLLAZO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ISAAC COLLAZO is a thirty-three year old Hispanic-American citizen residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, CARLOS PEREZ, PAUL JURGENS, DANIEL SPAETH, WILLIAM HUNZIKER, JEFFREY ADASZEWSKI, and DANIEL HALLORAN, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12. On October 5, 2008, plaintiff ISAAC COLLAZO was employed as an outside plant technician/construction, for Verizon Communications, at 47th Street and 12th Avenue in Manhattan. At approximately 11:20 p.m., plaintiff was riding his bicycle to work when he was involved in a minor collision with a yellow cab on West 42nd Street, between 7th and 8th Avenue. Although the collision caused plaintiff to fall from his bicycle, he was not injured and because he had to be at work at 11:30, plaintiff got back on his bicycle and continued riding down 42nd Street. Approximately half a block from the accident location, plaintiff noticed that some of the defendant officers – including upon information and belief Perez and Adaszewski - were at the accident location so he turned around and returned to the location.

13. At the accident location plaintiff began speaking with some of the defendant officers. Plaintiff soon realized that he would be late for work, and explained to the defendants that he had to call his supervisor to inform him of the situation. When plaintiff began his phone call, the defendant officers became rude and threatened plaintiff stating in sum and substance, hang up the phone or we're going to arrest you. Plaintiff responded to the defendants, in sum and substance, you have to calm down. In response, the defendant officers grabbed plaintiff, slammed him to the ground, placed their knees on his back, repeatedly struck plaintiff in his head and body, and sprayed pepper spray in plaintiff's face and eyes.

14. The defendant officers placed severely over tight handcuffs on plaintiff's wrists, and placed plaintiff in a police vehicle. Plaintiff repeatedly explained to the defendant officers that the handcuffs were causing severe pain to plaintiff's wrists and hands and requested that the defendant officers loosen his handcuffs. Despite plaintiff's repeated requests, the defendant

officers refused to loosen, examine, or otherwise inspect plaintiff's handcuffs.

15. Approximately two hours later, the defendants finally removed one of plaintiff's handcuffs at the request of a doctor at Bellevue Hospital. After plaintiff was discharged from Bellevue, the defendant officers squeezed plaintiff's handcuffs into an over tight position and transported plaintiff to a police precinct. The defendant officers removed plaintiff's handcuffs once he was imprisoned in a holding cell at the precinct.

16. Upon information and belief, the individually named defendants participated in the above conduct and/or otherwise failed to intervene.

17. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

18. As a result of the foregoing, plaintiff ISAAC COLLAZO sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff ISAAC COLLAZO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(First Amendment Claim under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

27. As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of their First Amendment rights.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ISAAC COLLAZO'S constitutional rights.

30. As a result of the aforementioned conduct of defendants, plaintiff ISAAC COLLAZO was subjected to excessive force and sustained serious physical injuries and emotional distress.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff ISAAC COLLAZO, whose constitutional rights were being violated in their presence by other officers.

35. The defendants failed to intervene to prevent the unlawful conduct described herein.

36. As a result of the foregoing, plaintiff ISAAC COLLAZO was subjected to excessive force, he was denied medical attention for an unreasonable period of time, and he was

put in fear of his safety.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants issued criminal process against plaintiff ISAAC COLLAZO by causing his arrest and prosecution in a criminal court.

39. Defendants caused plaintiff ISAAC COLLAZO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The defendants committed the above-described unlawful conduct because of the plaintiff's race and/or ethnicity, and/or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

42. As a result of the foregoing, plaintiff ERIKA DESHAZO was deprived of her rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

44. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and retaliating against individuals for exercising their right to free speech and expression, and the widespread custom or practice of falsification. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ISAAC COLLAZO'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ISAAC COLLAZO.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ISAAC COLLAZO as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ISAAC COLLAZO as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ISAAC COLLAZO was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ISAAC COLLAZO'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff ISAAC COLLAZO of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be free from retaliation for exercise of their First Amendment rights;

    C. To be free from deliberate indifference to serious medical needs;

    d. To be free from malicious abuse of process;

    C. To be free from the failure to intervene;

    D. To receive equal protection under law;

54. As a result of the foregoing, plaintiff ISAAC COLLAZO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiff has complied with all conditions precedent to maintaining the instant action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, plaintiff ISAAC COLLAZO was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendant's conduct, plaintiff ISAAC COLLAZO has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants made offensive contact with plaintiff ISAAC COLLAZO without privilege or consent.

66. As a result of defendants' conduct, plaintiff ISAAC COLLAZO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants issued criminal process against plaintiff ISAAC COLLAZO by causing him to be arrested, arraigned and prosecuted in criminal court.

69. Defendants caused plaintiff ISAAC COLLAZO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

72. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

73. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

74. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ISAAC COLLAZO.

75. As a result of the aforementioned conduct, plaintiff ISAAC COLLAZO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ISAAC COLLAZO.

78. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

12

against unreasonable searches, seizures, and interceptions.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89. As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ISAAC COLLAZO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
　　　　May 27, 2010

　　　　　　　　　　　　　　　　LEVENTHAL & KLEIN, LLP
　　　　　　　　　　　　　　　　45 Main Street, Suite 230
　　　　　　　　　　　　　　　　Brooklyn, New York 11201
　　　　　　　　　　　　　　　　(718) 722-4100

　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　BRETT H. KLEIN

　　　　　　　　　　　　　　　　Attorneys for Plaintiff ISAAC COLLAZO

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

ISAAC COLLAZO,

                                                            Plaintiff,

      -against-

CITY OF NEW YORK, CARLOS PEREZ, PAUL JURGENS,
DANIEL SPAETH, WILLIAM HUNZIKER, JEFFREY
ADASZEWSKI, and DANIEL HALLORAN, individually and in their
official capacities,

                                                           Defendants,

----------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100